UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

ERIC DE'JUAN JONES                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:13-cv-1039-CWR-FKB

JERRY BUSCHER                                                                                      DEFENDANT

REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation as to the Petition for Writ of Habeas Corpus [1], as well as the Motion for Immediate and Speedier Discharge from Earned Release Supervision Terms and Jurisdiction [11], Motion to Consolidate Cases [16], Motion to Strike [19], Motion for an Evidentiary Hearing [23] and Second Request for Discovery and an Evidentiary Hearing [25], all filed by Eric De'Juan Jones. For reasons set out below, the undersigned recommends that the Petition and Motions be denied.

ISSUE(S) PRESENTED

At the time he filed the instant Petition, Jones was serving a ten-year sentence in the custody of the Mississippi Department of Corrections ("MDOC"), pursuant to an Order of the Circuit Court of Lawrence County, Mississippi, filed April 5, 2008. Jones has since been released from prison in accordance with the MDOC's Earned Release Supervision (ERS) program, though he remains under the supervision of the MDOC. [13] at 3-4.

By his Petition, Jones challenges only the loss of thirty-six months "earned time." [1]. Loss of this time has, according to Jones, lengthened the duration of his supervised release.

1

Jones framed the grounds upon which he seeks habeas relief as: 1) he has been subjected to a future sentence of eighteen months in violation of the 5th, 8th and 14th Amendments; 2) the state courts were ineffective in protecting him from the loss of thirty-six months of earned time; 3) his 13th Amendment rights have been violated because his sentence has expired; and 4) he has been subjected to a future sentence without effective remedies to challenge same. [1,4].

## THE RESPONSE

In response to the Petition, the State contends that Jones has not been deprived of any federally-protected right, and is therefore not entitled to seek habeas relief in this Court. According to Respondent, the thirty-six months at issue is discretionary "trusty earned time," as defined by Miss. Code Ann. § 47-5-138.1, and was erroneously awarded to Petitioner in the first place. [13] at 9-10. Upon review of Petitioner's file in June, 2012, MDOC officials determined that Jones should not have received thirty-six months of trusty time that was reflected on his record because he had disciplinary issues during particular six month periods, rendering him ineligible for trusty status during those time periods. [13-3]. According to Respondent, no earned time was taken as punishment. Petitioner simply should not have been in trusty status to earn trusty time during the time periods at issue. Essentially, Respondent's argument is that a record- keeping error has led Petitioner to claim that he had thirty-six more months trusty time than he actually had. Respondent asserts that since any award of trusty status and resulting trusty earned time is not mandated by any law and is purely at the discretion of the MDOC, Petitioner is not entitled to habeas relief.

2

ANALYSIS

The State cites *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984), a case addressing the issue of parole under Mississippi law, for the proposition that a petitioner who has not alleged the deprivation of a right secured by the Constitution or laws of the United States has failed to state a claim for habeas relief. The *Irving* Court held that Mississippi's parole statute, Miss. Code Ann. § 47-7-3, did not create an expectation of or entitlement to release. "We hold...that the Mississippi statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach." *Irving*, 732 F.2d at 1217-1218.

With respect to earned trusty time in particular, as this Court recently held:

> Moreover, the Mississippi Supreme Court has held that "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." .... In sum, Petitioner does not have a constitutionally protected right to a certain classification level (including trusty status) and any accompanying privileges while in prison. Because Petitioner did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by being removed from trusty status, losing his prison privileges for two months and being unable to earn trusty or earned time, he has not suffered a violation of his due process rights.

*Walker v. King*, 2013 WL 6384606 (S.D. Miss. Dec. 6, 2013)(internal citations omitted).

Petitioner argues that because incident reports concerning his disciplinary issues did not indicate that he would lose trusty earned time, it could not be taken from him pursuant to MDOC rules and policies. [17] at 5-7. Respondent concedes that if Petitioner had earned the time, and it had been taken for misconduct, he could make a due process argument. [13] at 10, n.6; *see, e.g., Wolff v. McDonnell*, 418 U.S. 539 (1974). Respondent argues, though, that the time in question was never earned because Jones was not eligible for trusty status during those periods.

3

The memo provided by Respondent regarding calculation [13-3], as well as the sentence computation sheet submitted to the Court [13-4], indicate that Petitioner's sentence was re-calculated for ERS purposes in June, 2012, at which time trusty time previously improperly credited was noted.[1]

In another trusty earned time case from this district, *Foxx v. Taylor*, 2013 WL 3989650 (S.D. Miss. Aug. 2, 2013), the petitioner claimed that failure to credit trusty time in accordance with MDOC policy caused his release date to be delayed nearly a year and one-half. This Court concluded that an assertion that MDOC policy and procedure had been violated did not alone rise to the level of a constitutional violation. Likewise, in *Thomas v. Jordan*, 2008 WL 4649095, *1 (5th Cir. Oct. 21, 2008), the plaintiff claimed that failure to classify him as a trusty cost him 260 days earned time, but the Fifth Circuit noted that there is "no constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits."

The United States District Court for the Northern District of Mississippi has succinctly addressed the issue as well:

> Section 47–5–138.1 of the Mississippi Code governs the award of trusty earned time to inmates, and that statute states only that the Mississippi Department of Corrections " *may* " award a trusty earned time allowance to inmates who meet certain criteria. The use of the word "may" in § 47–5–138.1 renders the award of earned time discretionary, not mandatory. Use of the word "may" indicates that an inmate's receipt of trusty earned time credit is a matter of grace or privilege. The decision regarding an award of trusty earned time to offenders is in the sound discretion of prison officials. As such, the statute affords a prisoner no constitutionally recognized liberty interest. *See, e.g., Scales v. Mississippi State Parole Board,* 831 F.2d 565, 566 (5th Cir.1987); *Irving v. Thigpen, supra.* "Earning of 'time' would have

---

[1]Plaintiff had been notified in May, 2012, that he would be released in June, 2012. [23] at 10, 12. However, a review of his records at the request of the MDOC Commissioner revealed the error. [23] at 14, 16.

>been deemed a matter of right if the legislature had employed the word 'shall' instead of 'may.' In other words, correctional officials are vested with discretionary power to award time under certain conditions and, therefore, inmates are not entitled to it." *Ross v. State,* 584 So.2d 777, 779 (Miss.1991) (addressing meritorious earned time in Mississippi). As such, [the plaintiff's] claim that the Mississippi Department of Corrections improperly denied him earned "trusty" time towards his sentence does not state a denial of any constitutional right. *Id.* at 780.

*Dukes v. Epps*, 2011 WL 4047335, *1 (N.D. Miss. Sept. 12. 2011)(emphasis in original).

The Court finds that in this case, Petitioner has not shown any "atypical and significant hardship in relation to the ordinary incidents of prison life" and has not suffered a violation of any federally-protected right. He has not demonstrated that he actually earned the time at issue by being a trusty, or participating in any particular programs during the periods at issue, which would have earned him the time. The trusty statute clearly allows the MDOC to define trusty status and to determine whether to award trusty status, which it ultimately did not do for the time periods at issue.

Petitioner cites MDOC Disciplinary Procedures regarding loss of earned time in support of his Petition. [1] at 55-57. However, with respect to trusty time, Chapter III of the MDOC Inmate Handbook reads, in pertinent part:

>IV.   TRUSTY STATUS
>
>A. Inmates may be recommended for Trusty Status based on institutional needs, outside labor crew needs and the inmate's ability/skill. An inmate in trusty status may be awarded a trusty time allowance of 30 days reduction of sentence for each 30 days of participation in approved programs. Approved programs may include, but not be limited to the following:
>
>*     Community based work program;
>
>*     Joint State County Work Program (JSCWP);
>
>*     Road crews;

>   *   Sensitive placement;
>
>   *   Mississippi Prison Industries (MPIC);
>
>   *   MDOC classified county jail support;
>
>   *   Mobile work crew;
>
>   *   Essential inmate unit support; and or
>
>   *   Governor's Mansion;
>
>   *   Satisfactory participation in education or instructional program;
>
>   *   Satisfactory participation in work projects; and or
>
>   *   Satisfactory participation in any special incentive programs.
>
>   B. The inmates being considered for trusty status must meet special classification criteria for the appropriate custody level. An inmate is not eligible for trusty status if he is in long term segregation and does not participate in either work or treatment programs.
>
>   C. Any Inmate who refuses a job assignment or is removed from a job by a work supervisor and or a Facility's Controlling Authority is in direct violation of trusty status and may be removed from that status.

http://www.mdoc.state.ms.us/Inmate%20Handbook.htm.

Petitioner does not argue that he actually earned,[2] in accordance with the guidelines above, the trusty time at issue. Rather, he argues that because it was awarded to him it became "earned time" and could not be taken as punishment for any offense without notice and a hearing. Jones asserts that he was placed in trusty status for common labor, but no common labor was actually required. [17] at 3.  His position is that simply because he was placed on

---

[2] Petitioner does argue that he was eligible for trusty time, but as noted *supra*, eligibility alone does not give rise to a federal issue.

trusty status in the computer, the "30 for 30"[3] time could not be taken from him. Trusty status was not, however, earned by Petitioner during the relevant time periods, and the Court cannot conclude that the fact that it may have been erroneously documented entitles Petitioner to the status and earned trusty time.

The MDOC's website states in pertinent part:

> There are many factors that are considered in calculating an inmate's ERS date. An ERS date does not automatically mean that an inmate will be released on that date. For instance, an inmate's behavior while incarcerated is a key issue that is reviewed by the classification committee.

http://www.mdoc.state.ms.us/earned_release_supervision_progr.htm.

The relevant statutory provision reads:

> 1) In addition to any other administrative reduction of sentence, an offender in trusty status as defined by the classification board of the Department of Corrections may be awarded a trusty time allowance of thirty (30) days' reduction of sentence for each thirty (30) days of participation during any calendar month in an approved program while in trusty status, including satisfactory participation in education or instructional programs, satisfactory participation in work projects and satisfactory participation in any special incentive program.

Miss. Code Ann. §47-5-138.1. The statute says the time **"may"** be awarded for "participation" in an approved program. Again, Plaintiff does not argue that he actually participated and earned the time at issue.

When the Circuit Court of Lauderdale County considered this issue, on review of the denial of Plaintiff's grievance concerning the matter, it analyzed the claim as one for loss of

---

[3] For every thirty days spent in trusty status, prisoners are eligible to have their time reduced by thirty days.

earned time rather than an error in awarding time. [23] at 18-20.  Even if the time was taken from Plaintiff instead of simply erroneously credited, the result is the same.  Plaintiff did not have a protected liberty interest in an earlier release given the parameters of the ERS program. Mississippi law is clear that trusty time and its award is discretionary, not mandatory.  *See Ross v. State,* 584 So.2d 777, 779 (Miss.1991); *Scales v. Mississippi State Parole Board,* 831 F.2d 565, 566 (5th Cir.1987); *see also Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir. 2000)(even under Texas's mandatory supervised release program, in the context of placement in a status to earn good time credit, the timing of a prisoner's release is too speculative to afford a protected liberty interest).  Jones simply had no constitutionally-protected right to trusty time under the facts presented.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Petition [1] be dismissed and Petitioner's motions [11, 16, 19, 23, 25] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

RESPECTFULLY SUBMITTED this the 8th day of August, 2014.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE